IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORHTERN DIVISION

| | | |
|---|---|---|
| JAMES OLESTER CRANDLE, | ) | |
| #291 646, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-cv-627-WHA-JTA |
| | ) | [WO] |
| DR. BLESSING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Fountain Correctional Facility in Atmore, Alabama, brings this 42 U.S.C. § 1983 action for damages challenging the provision of medical care he received during his incarceration at Kilby Correctional Facility in September of 2021.[1] Named as defendants are Dr. Blessing, Dr. Darbouze, Dr. Rahming, Nurse Myles, Wexford Health Sources, Inc., Dr. Barry, and Kilby Correctional Facility. After review of the Complaint (Doc. No. 1), the undersigned RECOMMENDS Plaintiff's Complaint against Kilby Correctional Facility and Dr. Barry be DISMISSED, as set forth below.

---

[1] Included in Plaintiff's request for relief is a request that criminal charges be brought against the named defendants. Doc. No. 1 at 4. Plaintiff is informed that this Court has no authority to act as a prosecutorial entity. *See United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) (explaining that "[t]he decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."). Further, a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (holding that plaintiff has no constitutional right to have a defendant prosecuted).

## I. STANDARD OF REVIEW

Because the court granted Plaintiff leave to proceed *in forma pauperis* (*see* Doc. 13), his Complaint is subject to screening under 28 U.S.C. § 1915A, which requires a court to dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is also frivolous when the defendant is immune from suit, the claim seeks to enforce a right that clearly does not exist, or an affirmative defense, such as the statute of limitations, would defeat the claim. *Id*. at 327; *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). In analyzing § 1915 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

## II.  DISCUSSION

A.    **Kilby Correctional Facility**

Plaintiff names the Kilby Correctional Facility as a defendant. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Papasan v. Allain*, 478 U.S. 265 (1986) (holding that unless the State of Alabama consents to suit or Congress rescinds its immunity, a plaintiff cannot proceed against the State or its agencies as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").

> "[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]." *Alabama v. Pugh*, 438 U.S. 781, 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978).  There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S. Ct. 1632, 1637–38, 179 L. Ed. 2d 675 (2011).  "A State's consent to suit must be 'unequivocally expressed' in the text of [a] relevant statute." *Sossamon v. Texas*, 563 U.S. 277, 131 S. Ct. 1651, 1658, 179 L. Ed. 2d 700 (2011) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). "Waiver may not be implied." *Id*.  Likewise, "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) (quoting *Blatchford v. Native Vill. of Noatak*, 501 U.S. 775, 786, 111 S. Ct. 2578, 115 L. Ed. 2d 686 (1991)).

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015).  Thus, neither the State of Alabama nor its agencies may be sued unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996); *see also Scott v. Alabama Dep't of Corr*., Civil Action No. 09-

3

0590-WS-C, 2010 WL 500429, at *2 (S.D. Ala. 2010) (unpublished) (explaining that ADOC's Fountain Correctional Facility does not have a legal existence apart from ADOC and is not a "person" who may be sued under § 1983).

> Neither waiver nor abrogation applies here. The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. art. I, § 14.  The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit. *Pugh,* 438 U.S. at 782, 98 S.Ct. 3057 (citing Ala. Const. art. I, § 14.)

*Selensky*, 619 F. App'x at 849.  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)).  Consequently, any claims lodged against the State of Alabama or its agencies are frivolous and, therefore, due to be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

    **B.    Dr. Barry**

Plaintiff underwent hernia surgery at Jackson Hospital in Montgomery, Alabama, on September 10, 2021. Dr. Barry ("the Doctor at Jackson Hospital") prescribed Plaintiff pain medication for discomfort from the surgery. Plaintiff complains that when he returned to Kilby, however, medical personnel changed his pain medication and he did not receive the medication prescribed by Dr. Barry. Doc. 1 at 2.

Although not expressly stated, Plaintiff's claims indicate he seeks to hold Dr. Barry liable under the Eighth Amendment for an alleged denial of adequate medical care. To state a plausible Eighth Amendment violation in this context, Plaintiff must show Dr. Barry was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104

4

(1976); *Farmer v. Brennan*, 511 U.S. 825, 831 (1994). To establish "deliberate indifference to [a] serious medical need . . ., [Plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). When seeking relief based on deliberate indifference, an inmate is required to show "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (holding that, for liability to attach, the official must know of and then disregard an excessive risk of harm to the prisoner). Regarding the objective component of a deliberate indifference claim, Plaintiff must first show "an objectively serious medical need[] . . . and second, that the response made by [a defendant] to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligen[ce] in diagnos[is] or treat[ment], or even [m]edical malpractice actionable under state law." *Taylor*, 221 F.3d at 1258 (internal quotation marks and citations omitted); *see also Estelle*, 429 U.S. at 106 (holding that neither negligence nor medical malpractice "become[s] a constitutional violation simply because the victim is incarcerated").

Deliberate indifference requires a defendant have subjective knowledge of the risk of harm. *Farmer*, 511 U.S. at 837. Mere negligence or a failure to act reasonably is not enough. *Estelle*, 429 U.S. at 105-06. The defendant must have the subjective intent to cause harm. *Id.* at 104. Whether Plaintiff received the treatment he felt he should have is not the

5

issue. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a § 1983 cause of action. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir.1985) (quotation marks and citations omitted) (explaining that "where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law"). Consequently, in order to state an Eighth Amendment claim, Plaintiff must show he suffered from an objectively serious medical need and that Dr. Barry was subjectively indifferent to that need.

Assuming, *arguendo,* Plaintiff suffered from an objectively serious medical condition during the relevant time period, he has failed to allege facts which support the subjective component of an Eighth Amendment claim against Dr. Barry. Plaintiff's Complaint alleges no facts which indicate how Dr. Barry acted intentionally or recklessly to deny or delay medical care or how he acted with "an attitude of deliberate indifference" towards Plaintiff's medical concerns. *Taylor*, 221 F.3d a 1258.  No facts have been alleged which indicate that the conduct of Dr. Barry exposed Plaintiff to a serious risk of harm or that he in any way disregarded a substantial risk to Plaintiff's health.  To the contrary, Plaintiff's Complaint reflects Dr. Barry undertook appropriate measures to address Plaintiff's complaints of pain from his hernia surgery by prescribing him pain medication.

Based on the foregoing, Plaintiff's Complaint against Defendant Barry is due to be dismissed under 28 U.S.C. § 1915A(b)(1) for failing to state a claim on which relief may be granted under the Eighth Amendment.

### III. CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS the following:

1. Plaintiff's Complaint against Kilby Correctional Facility be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's Complaint against Defendant Dr. Barry be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1).

3. Kilby Correctional Facility and Dr. Barry be TERMINATED as parties.

4. This case regarding Plaintiff's allegations against the remaining defendants be referred to the undersigned for further proceedings.

It is ORDERED that **by February 2, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 18th day of January, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE